IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| HOWMEDICA OSTEONICS CORP., a subsidiary of STRYKER CORPORATION, a New Jersey corporation,<br><br>    Plaintiff,<br><br>v.<br><br>ALPHATEC SPINE, INC., a Delaware corporation,<br><br>    Defendant. | CASE NO. 3:21-cv-00789-BJD-PDB<br><br>**PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE REPLY IN FURTHER SUPPORT OF PLAINTIFF'S SECOND MOTION TO COMPEL** |

Pursuant to Local Rule 3.01(d), Plaintiff Howmedica Osteonics Corp. (a subsidiary of Stryker Corporation) ("Plaintiff") files this Motion for Leave to File Reply In Further Support of Plaintiff's Second Motion to Compel (ECF No. 66).

On November 11, 2022, Plaintiff filed its Second Motion to Compel (the "Motion").  On November 21, 2022, the Court scheduled oral argument to address the Motion (ECF No. 68).  Counsel for Defendant Alphatec Spine, Inc. ("Defendant") counsel stated they were not prepared to address the Motion and intended to submit a response brief.  On December 1, 2022, Defendant submitted a Memorandum of Law in Opposition to Plaintiff's Second Motion to Compel ("Opposition," ECF No. 74).  The Court has not yet scheduled oral argument.

Based on a review of the arguments in Defendant's Opposition, Plaintiff submits that a brief reply is warranted so that it can rebut two of Defendant's arguments, clarify the scope of the discovery requests at issue here, and narrow them to facilitate a resolution of the disputes.

First, Plaintiff will rebut Defendant's argument that Plaintiff's requests for employment contracts and recruitment correspondence concerning Jeff Abbas, Brett Hawken, Edward Nash and Aaron Hurlburt (former Stryker Spine personnel who currently work for Defendant) are improper because Plaintiff is not seeking relief based on Defendant's tortious conduct involving them.  Plaintiff will explain how these requests—which focus on Defendant's efforts to recruit and hire these individuals—directly relate to its allegations that Defendant engaged in a nationwide scheme to encourage Plaintiff's employees to breach their contracts with Plaintiff to enable Defendant to misappropriate Plaintiff's trade secrets.

Second, Plaintiff will rebut Defendant's submission that compliance with Document Request Nos. 14, 21 and 22—which seek reports, business plans, budget projections and presentations—would require collection of documents from an unreasonable number of custodians.

Third, Plaintiff will propose to narrow Document Request Nos. 14, 21, 22, 23 and 26 to seek documents that concern Plaintiff, its former Sales Representatives and Distributors, and/or its former customers.

Pursuant to Local Rule 3.01(g), the undersigned counsel has conferred with Defendant's counsel regarding the relief sought in this motion, and was advised that Defendant's counsel does not oppose the relief requested herein.

WHEREFORE, Plaintiff respectfully requests that this Court grant it leave to file a reply in support of the Motion, not to exceed five pages, and for such other and further relief as the Court deems just and proper.

Dated: December 7, 2022

By: /s/ *Steven J. Pearlman*
Steven J. Pearlman
(*admitted pro hac vice*)
PROSKAUER ROSE LLP
70 West Madison, Suite 3800
Chicago, Illinois 60602
Telephone: (312) 962-3545
spearlman@proskauer.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 7, 2022, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

By: s/ *Steven J. Pearlman*
Steven Pearlman
(*admitted pro hac vice*)
PROSKAUER ROSE LLP
70 West Madison, Suite 3800
Chicago, Illinois 60602
Telephone: (312) 962-3545
spearlman@proskauer.com